## Donnelly et al. v. Taliaferro.

Oct. 31, 1941.

178

Stephens L. Blakely for appellants.

Rouse & Price and Stanley Chrisman for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellee, John H. Taliaferro, was named sole devisee and executor by the will of his wife, Anna Delaney Taliaferro. On a contest of the will, the evidence in which was directed towards an attempt to establish that the will was obtained by undue influence on the part of appellee, the will was upheld by the jury and this appeal is prosecuted from the judgment declaring it to be her last will. The sole ground urged for reversal is that the trial court permitted the appellee to testify for himself as to acts done by, transactions with and statements made by his deceased wife.

It is conceded by appellants that this court has in a long line of cases held that the character of testimony complained of here is competent on the question of undue influence or mental capacity. In this connection, see Caddell's Heirs v. Caddell's Ex'r, 175 Ky. 505, 194 S. W. 541; Russell v. Tyler, 224 Ky. 511, 6 S. W. (2d) 707; Nelson et al. v. Nelson et al., 235 Ky. 189, 30 S. W. (2d) 893, and cases cited therein. It is insisted, however, that the rule announced in these cases is incorrect for the reason that such testimony is squarely within the inhibitions of subsections 1 and 2 of section 606 of the Civil Code of Practice and that therefore the cases above mentioned deciding to the contrary should be overruled and the correct rule enunciated. The same argument was made in the case of Russell v. Tyler, supra [224 Ky. 511, 6 S. W. (2d) 711], but the court declined to change or modify the rule, saying:

"So much must be yielded to the doctrine of stare decisis, especially as in the absence of statutory

prohibition many good reasons can be offered for the admission of such evidence. But we are not disposed to extend the rule further.''

Even though we were of a mind to reconsider the rule laid down in the cited cases, we do not feel that the case before us would be a fitting one in which to do so for, though it be conceded that the testimony complained of was erroneously admitted, no substantial prejudice was done to appellants' rights since the evidence for contestants was not even sufficient, in our opinion, to warrant a submission of the case to the jury—the appellee was entitled to a directed verdict at the conclusion of appellants' evidence.

It is further suggested that Taliaferro's testimony was not competent even under the cited cases because conversations, communications and transactions with his deceased wife having no reference to undue influence were detailed by the witness. We have examined the testimony, however, and it is our conclusion that the testimony of this witness was directed to the issue of undue influence. This testimony dealt with actions of his deceased wife with reference to her property and to statements made by her in connection therewith and was in rebuttal, denial or explanation of evidence offered by appellants for the purpose of establishing undue influence.

Judgment affirmed.